**Homer B. CHOLLAR**
v.
**The UNITED STATES.**
No. 517–53.

United States Court of Claims.
Nov. 30, 1954.

J. Donald Sullivan, Washington, D. C., James A. McMahon and McMahon & Sullivan, Washington, D. C., on the brief, for plaintiff.

Arthur E. Fay, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

PER CURIAM.

Plaintiff was employed by the Military Sea Transportation Service as a chief engineer. He was discharged on May 17, 1952, but on appeal it was held that there was not sufficient cause to discharge him, and on September 22, 1952 he was notified that he was eligible for reemployment. He was reemployed on April 27, 1953. He sues for his salary in the interim, less the amount he had earned in other employment.

Plaintiff was in an "excepted" position. He did not come within the classified civil service; hence, he is not entitled to the benefit of the Act of August 24, 1912, as amended by the Act of June 10, 1948, 62 Stat. 354, 5 U.S.C.A. § 652. Brown v. United States, 122 Ct. Cl. 361; Jordan v. United States, 123 Ct.Cl. 577.

Nor is plaintiff entitled to recover on a contract. An employee in an "excepted" position may be discharged at the will of his employer, with or without cause. This has been recognized from the beginning of our government. It was to prevent this that the Civil Service Acts were passed. But plaintiff does not come within their terms.

Furthermore, the agreement of employment signed by plaintiff expressly provided: "Your appointment is of an indefinite nature."

We held in Jordan v. United States, 123 Ct.Cl. 577, that a similar agreement of employment did not afford ground for a suit on a contract. The Supreme Court so held as far back as Crenshaw v. United States, 134 U.S. 99, 10 S.Ct. 431, 33 L.Ed. 825.

It is well settled that a government employee has no property right to his position that cannot be taken away from him without the payment of just compensation. The most recent case is Bailey v. Richardson, 86 U.S.App.D.C. 248, 182 F. 2d 46, affirmed 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352. A contrary rule would be unthinkable.

Defendant's motion for summary judgment is granted and plaintiff's petition is dismissed.