Samuel M. DENNING
v.
The UNITED STATES.
No. 352–54.

United States Court of Claims.
June 7, 1955.

Harry E. Kain, Denison, Tex., for plaintiff.

Thomas H. McGrail, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This case is before the court on the defendant's motion for summary judgment. It is a suit by a separated Government employee for the pay alleged to be due him as a result of his separation from the Government.

Plaintiff was employed by the Corps of Engineers, Department of the Army, as a fiscal auditor. After he signed an employment agreement which contemplated employment for a minimum period of 24 months, plaintiff was stationed in French Morocco. Plaintiff was a probational appointee in an "excepted" position under Schedule A of the civil-service regulations. Twice within the one-year-probation or trial period plaintiff was notified in writing that the employing agency was contemplating his separation for failure to meet the trial period requirements. On the basis of plaintiff's answer to the charges, the first proposed separation action was suspended with a warning to the plaintiff. Plaintiff's performance failed

to improve. Plaintiff was again notified of the proposed action to effect his separation for failure to meet the trial period job requirements. Plaintiff filed a written answer to the charges. Later, plaintiff was notified in writing that it would be in the best interest of the Government to return him to the United States and separate him from his employment. Plaintiff was returned to the United States at Government expense and separated from his employment.

Plaintiff claims his salary for the uncompleted portion of his 24-month-employment agreement. Plaintiff contends that he is an employee with civil-service status entitled to the procedural benefits of the Lloyd-La Follette Act, 37 Stat. 555, as amended, 62 Stat. 354, 5 U.S.C.A. § 652, and that the "Transportation Agreement and Conditions of Employment" guaranteed to the plaintiff a minimum of 24 months of employment.

A nonveteran employee in an "excepted" position, may be discharged at the will of his employer, with or without cause. This has been recognized from the beginning of our Government. It was to prevent this that the civil-service acts were passed. See Chollar v. United States, Ct.Cl., 126 F.Supp. 448, decided November 30, 1954; Jordan v. United States, 123 Ct.Cl. 577; Brown v. United States, 122 Ct.Cl. 361; Bailey v. Richardson, 86 U.S.App.D.C. 248, 182 F.2d 46, affirmed per curiam 341 U.S. 918, 71 S. Ct. 669, 95 L.Ed. 1352.

■ The "Transportation Agreement and Conditions of Employment" did not confer on the plaintiff any other special rights. The agreement was only a statement of the Government's liability in respect to the plaintiff's transportation expenses. The agreement provided that plaintiff was subject to the same laws and regulations applicable to Federal employees within the United States. The agreement also provided that the plaintiff's appointment did not give the plaintiff competitive civil-service status within the Federal Civil Service. This agreement did not constitute a contract on the part of the Government to pay plaintiff for the entire 24-month period. The agreement specifically provided that the confirmation of the appointment was subject to verification of plaintiff's experience and training, satisfactory physical condition, and loyalty investigation. This court held in Chollar v. United States, supra, and Jordan v. United States, supra, that similar agreements of employment did not afford grounds for a suit on a contract. The Supreme Court so held as far back as Crenshaw v. United States, 134 U.S. 99, 10 S.Ct. 431, 33 L.Ed. 825.

■ In the absence of a specific statute, the Department of the Army does not have the power to bind the Government to compensate plaintiff for a minimum period of 24 months of employment. Congress is the only body under our Constitution with the authority to consent to the assumption of liability by the United States or authorize others to do so. In the absence of congressional authorization, this court is powerless to impose such liability. Utah Power and Light Company v. United States, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791; Seminole Nation v. United States, 102 Ct.Cl. 565, 623; Brown v. United States, supra; Jordan v. United States, supra.

Plaintiff was given a full and fair trial to exhibit satisfactory performance in his job. Plaintiff was notified in writing of the proposed separation action. The notice set forth specifically and in detail the charges preferred against plaintiff and he was allowed a reasonable time to file a written answer to the charges. The plaintiff's reply to the charges was considered by the agency before a final decision was rendered. The procedure used by the agency in this case to terminate the plaintiff's employment satisfied all of the requirements of the Lloyd-La Follette Act, supra. Therefore, we do not decide the question of whether the plaintiff comes within the provisions of this act. Even if the act did apply to the plaintiff in this case, he has no grounds upon which to complain because the

agency accorded him all of the benefits required by the act.

■ On the basis of the petition and documents before the court in this case, we find that there is no genuine issue as to any material fact alleged, and that upon the facts before the court, summary judgment must be granted to the defendant as a matter of law. The plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.