Opinion

per curiam:

Plaintiff, a non-veteran without civil service status, sues for salary from May 19,1952, to December 18,1953, and for travel expenses to and from his post of duty. He alleges breach of contract by defendant.
The pleadings disclose that plaintiff received an excepted (Schedule A) appointment effective December 19, 1951, to a position as Industrial Cost Accountant, New York Regional Office of the Army Audit Agency, his duty station being Goose Bay, Labrador.
Positions under Schedule A which are located in foreign countries or beyond continental limits are specifically excepted from the competitive civil service by Rule 6 of the Civil Service Commission Regulations.
On December 19, 1951, the effective date of his appointment, the plaintiff signed a paper which was headed “Conditions of Employment and Transportation Agreement” which stipulated, inter alia, that, if prior to the expiration of 24 months’ overseas duty, plaintiff returned to the United States for reasons not acceptable to his commanding officer, he would be required to pay the cost of return) travel, and that if the return was within the first year of service he would be required to reimburse the Government for the entire cost of his transportation to the overseas command. It further provided that the exact locality in which stationed, the particular unit or group to which assigned, or the possibility of any transfer within the command could not be determined in advance, and that they were matters solely within the discretion of the employing command. ■
Plaintiff was reassigned on March 30, 1952, to the Blue Jay Project at Thule, Greenland, without change in grade. On April 4, 1952, plaintiff suggested in a letter that he be assigned to another post of duty, and was accordingly ordered to report to St. John, New Brunswick, Canada, without change in grade, salary or position. He reported at St. John on May 15, and soon thereafter returned to New York *962 without having obtained permission of his commanding officer.
Plaintiff resigned his position of Industrial Cost Accountant, effective May 19, 1952. On the same date he requested reinstatement.
In making final salary payment to plaintiff the Army Audit Service deducted the sum of $142.93, the amount of' plaintiff’s travel expense to his first duty station, pursuant to the employment conditions.
Plaintiff filed a claim with the General Accounting Office which was disallowed. He then requested reconsideration and added a claim for his salary from the time of his resignation to the end of the two-year period. The entire claim was denied.
Plaintiff alleges that by virtue of having signed the document entitled “Conditions of Employment and Transportation Agreement” dated December 19,1951, he had a contract with the Government and that this contract was breached. The fact remains that in any event plaintiff did not comply with the conditions named in the document. Jordan v. United States, 123 C. Cls. 577; Chollar v. United States, 130 C. Cls. 338; Denning v. United States, 132 C. Cls. 369.
We quote the following from the opinion in the Chollar case, at page 339:
Nor is plaintiff entitled to recover on a contract. An employee in an “excepted” position may be discharged at the will of his employer, with or without cause. This has been recognized from the beginning of our government. * * *
In addition, plaintiff voluntarily resigned his position and in doing so stated he felt that “duties assigned are not commensurate with my status of GS-11.” The same day he asked for reinstatement. His resignation was accepted and he was not reinstated.
In the circumstances plaintiff is not entitled to recover-Defendant’s motion is allowed and the petition is dismissed-
It is so ordered