SkeltoN, Judge,
delivered the opinion of the court:
The plaintiffs are 13 civilian employees who are employed in the headquarters of Warner Eobins Air Materiel Area (WBAMA), a division of Air Force Logistics Command (AFLC), at Eobins Air Force base, Georgia. They filed this suit seeking the difference in salary between grade GS-7 and GS-9 from and after the dates on which they claim they should have been promoted to a GS-9 grade on a noncompetitive basis in accordance with an alleged contract or commitment made with them by the agency when they were employed. They contend that the failure of the Air Force to *259 promote them from GS-7 to GS-9 was arbitrary, capricious, and in violation of statutes and regulations. For reasons stated below, we hold that the plaintiffs are not entitled to recover. The essential facts are as follows.
Each of the plaintiffs received a letter dated August 12, 1966, from the Employment and Placement Branch, Civilian Personnel Division, Iiq. WRAMA, USAF, Georgia, after each had passed the Federal Service Entrance Examination, providing in pertinent part as follows;
Robins Air Force Base desires to consider you for a GS-5 Management trainee position within the FSEE Program at this Base.
Vacancies for Management Trainees exist in several Directorates and staff offices as indicated on attached information sheet. Upon successful completion, of the initial 12 month training program, incumbents will be promoted to the GS-7 level and the majority of positions lead to GS-9 grade level upon completion of a second 12-month training period.
Attached to the letter was an information sheet which stated in part:
Training programs of 12-months duration have been established for these FSEE positions. Upon successful completion of the training, incumbents will be promoted from GS-5 ($5331 per annum) to GS-7 ($6451 per annum); and, for the vast majority of positions, they will then enter a second 12-months training period which will lead to a GS-9 ($7696 per annum) grade. * * *
Before accepting employment, each of the plaintiffs received a second letter from WRAMA dated August 24,1966, in which each of them was advised that he had been selected for a GS-5 training program. This letter contained the following pertinent statement:
*****
The above position comes under a 12-months training program at the GS-5 level. Upon successful completion of this phase, and based on demonstrated potential, the incumbent may enter a second 12-months training period which leads to the GS-9 grade. [Emphasis supplied.]
The plaintiffs accepted the employment at grade GS-5 in August 1966, and after completing the first 12 months train *260 ing period, were promoted to grade GS-7. However, the training program was cancelled by the Acting Chief, Materiel Management, Personnel Branch, Civilian Personnel Division by letter dated July 25, 1967, as to all trainees who had not completed their initial training program prior to August 1, 1967. The plaintiffs were included in this list of trainees. The cancellation letter gave various reasons for the termination of the program, one of which was the difficulty in placing all trainees in positions where a second year training program is appropriate. The other reasons need not be stated. The letter made plain that those affected by the cancellation would not be precluded from getting the training they needed to be fully job competent “the same as the training made of other employees.” The plaintiffs could not receive non-competitive promotions to grade GS-9 because Air Force Logistic Command (AFLC) Supplement 1 to AFR 40-335, 9a(4) provided that “If more than one journeyman grade level exists for a particular job series within a single area of consideration, employees may be noncompetitively promoted only to the lowest journeyman level.”
The plaintiffs filed a formal grievance on March 18, 1969, claiming that they had a contract with the Air Force that when they finished the initial 12 months training program and were promoted to GS-7, they were entitled to enter upon the second 12 months training program and upon completing it were entitled to be promoted to the grade of GS-9. The case was referred to a hearing examiner who recommended that although the employment agreement was “close to a total commitment,” the plaintiffs’ claim should be denied because of the Federal Personnel Regulations.
On August 20,1970, the Directorate of Civilian Personnel of the Air Force Logistics Command, Wright-Patterson Air Force Base, Ohio, issued a decision which denied the claims of the plaintiffs. That decision pointed out that the WRAMA letter of August 24, 1966, notifying plaintiffs of •their selection emphasized the fact that they may enter a second training program leading to the GS-9 level. The decision stated that management had made no commitment, written or otherwise, assuring plaintiffs of non-competitive *261 promotion from the GS-5 through the GS-9 level, and that after cancellation, of the training program the new program allowed the plaintiffs to progress competitively to the GS-9 level in keeping with the merit program of the Civil Service Commission and Air Force Eegulations. The decision found no procedural or regulatory violation in the action taken by the agency.
The Department of the Air Force in Washington affirmed the decision on January 14, 1971, in which it stated, among other things, that if there was any commitment made by management to plaintiffs when they were employed, it could be honored only to the extent permitted by Civil Service and Air Force Eegulations. It was pointed out in the decision that the Air Force and Civil Service merit promotion regulations in effect prior to July 1, 1969, did not provide management with the authority to commit a trainee to a promotion based on a training period longer than one year unless the program was covered by a formal agreement with the Civil Service Commission, which was not the case here. The decision also pointed out that the “guaranteed promotions” claimed by plaintiffs would be in violation of the regulations and would impinge on the rights of other employees.
The plaintiffs filed this suit on April 3, 1972. The defendant has moved for summary judgment and plaintiffs have filed a cross motion for the same relief.
The general rule for agency promotions of employees is set forth in 5 C.F.E. 335.102 and 5 C.F.E. 335.103 which provide that such promotions may be made only “to positions for which the agency has adopted and is administering a program designed to insure a systematic means of selection for promotion according to merit ” [Emphasis supplied.] However, an exception to the general rule governing promotions is provided in 335 ¡FPM, Subchapter 6 of March 11, 1965, which provides:
b. * * * Agencies may give career promotions to persons who satisfactorily complete the training required by a Commission-approved training agreement or Executive Development agreement. * * * [Emphasis supplied.]
*262 Also, AFE 40-335 (10), February 6, 1967, provides:
10. Training Programs. Employees in formal training programs to prepare them for promotion who satisfactorily complete required training may be promoted without competition at any time provided that:
*****
b. The training program does not exceed one year, unless it is covered by an agreement with the Civil Service Commission or it is an apprentice training program. [Emphasis supplied.]
We think these regulations are dispositive of this case. They clearly provide that employees may be promoted without competition at any time provided that the training program does not exceed one year, but if the program exceeds one year, non-competitive promotions may not be made wnless the program has been approved by the Civil Service Commission. The training program in which the plaintiffs were employed was a period of two years. The contentions of the plaintiffs make this clear, because the basis for their complaint is that they were not allowed to enter upon the second year of the program. Their argument that there were two one-year contracts is not persuasive. There was only one agreement and it called for a two year training program. Furthermore, the program had not been approved by the Civil Service Commission, and any non-competitive promotion of the plaintiffs under these circumstances would have been in violation of the regulations. Also, in any event, any promotion would have been discretionary with the agency even if the program had been commission approved, because the regulations provide that under such circumstances, employees may be promoted, not that they must be.
The plaintiffs say that notwithstanding the provisions of the regulations, the officers of the Civilian Persomiel Office who made the agreements with them had the authority to represent the Air Force and made binding contracts with them that they would be promoted to GS-9 and that this court should enforce such contracts. The involved members of the Personnel Office did indicate the probability of promotions, but no commitments or promises in that regard were made. Even if such commitments or promises were made, *263 they did not and could not bind the Government, because they would have been contrary to tbe regulations, which have the force and effect of law. See Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947); and Montilla v. United States, 198 Ct. Cl. 48, 457 F. 2d 978 (1972), and cases therein cited. In the Hontilla case, we held, citing Federal Crop Ins. Corp., supra:
As can be seen from the decision in the above case, the regulations were given the force and effect of law and the insured was charged with knowledge of them even though he had no actual knowledge of their contents. The effect of the decision in that case was that the agent of the government did not have the authority nor the power to nullify the regulations by his actions and statements that misled the insured. * * * \Id. at 63,457 F. 2d at 986.]
The same principle applies in the instant case. Even if the officers thought they had the authority to bind the Air Force, which they deny, and even if they did make promises and commitments to the plaintiffs, which they also deny, and, further, even if plaintiffs were 'misled, the regulations control. The personnel officers had neither the power nor the authority to waive or nullify the regulations.
In view of our conclusions, as expressed above, we find it unnecessary to reach the other contentions and arguments of the parties.
We hold that the actions and decisions of the Department of the Air Force were not arbitrary, capricious, or violative of statutes and regulations.
The plaintiffs’ cross motion for summary judgment is denied, defendant’s motion for summary j udgment is granted, and plaintiffs’ petition is dismissed.