Civilian pay; dismissal; excepted position; "property” and "liberty” interests; due process hearing. — On March 28,1980 the court entered the following order:
Before Davis, Presiding Judge Cowen, Senior Judge, and Bennet, Judge.
In this case, which is before the court on the parties’ cross motions for summary judgment, plaintiff claims that he was unlawfully discharged from his position as Attorney-Advisor in the Office of Naval Research and sues for back pay and for reinstatement to his former position. After considering the motions of the parties and after hearing oral argument, the court finds that plaintiff was a non-veteran civilian employee of the Department of the Navy, who was serving in the excepted service as a GS-13, Attorney-Advisor, having been transferred to that position on April 8, 1968. On February 14, 1975, plaintiff was notified of a proposal to separate him on grounds of inefficiency, which grounds were listed in detail. He was also advised that he had a right to make both an oral and a written reply, and to be accompanied by a representative of his choice during an oral reply.
By letter of March 13, 1975, his attorney replied to the notice of proposed separation, but by letter of April 9, 1975, plaintiff was advised that after consideration of that reply, it had been decided that he would be separated from the service as of the close of business on April 11,1975. Plaintiff requested, but was denied, a due process hearing with the opportunity to present evidence and to confront witnesses against him. Plaintiff claims that as a result of the alleged improper discharge, he has been damaged in his career and *683 his reputation as a lawyer and that he has been unable to find other employment either in or out of the Government.
The principal basis for plaintiffs claim under the due process clause of the Fifth Amendment is that he had a property interest in his position which was violated. Since plaintiff was a non-veteran employee, holding an excepted position, it is well settled that in the absence of some law or regulation, he had no property interest in his position and that the Navy had the power to summarily discharge him without a hearing. Batchelor v. United States, 169 Ct. Cl. 180, cert. denied, 381 U.S. 870 (1965); Chollar v. United States, 130 Ct. Cl. 338, 126 F. Supp. 448 (1954). However, plaintiff claims that Civilian Manpower Management Instruction (CMMI) 751.1, CMMI 771.2 and Office of Naval Research (ONR) instruction 12770.1D gave him a property interest in his job that entitled him to the hearing which he requested. This contention must be rejected, because it is clear from the record that the cited regulations did not apply to separations of employees in the excepted service.
Plaintiffs second contention is that as a result of his discharge for inefficiency, there was an infringement of his liberty interest which required a due process hearing and that since he did not receive it, he is entitled to the relief sought in this court. Since Board of Regents v. Roth, 408 U.S. 564 (1972) was handed down, it has been held in a number of decisions that the discharge of an employee for inefficiency does not involve the stigma which requires due process protection. See Mazaleski v. Treusdell, 562 F.2d 701 (D.C. Cir. 1977), and cases cited therein. Moreover, even if we were to hold that plaintiff had a liberty interest which was violated, we would not have jurisdiction to grant relief on that claim. Fiorentino v. United States, 221 Ct. Cl. 545, 607 F.2d 963 (1979), cert. denied, 444 U.S. 1083 (1980).
Plaintiffs third contention is that his discharge was in violation of the regulations concerning the agency grievance system, specifically CMMI 771.2 and ONR instruction 12770.1E. CMMI 771.2 was superceded on April 1, 1971 by CMMI 771.S but neither it nor ONR instruction 12770.1E covered separations of non-veteran excepted service employees and therefore did not apply to plaintiffs case.
*684 Plaintiffs final contention is that his removal was accomplished in bad faith in that it was taken to get rid of him so that a previously selected lawyer could take his place. This issue was raised for the first time after plaintiffs suit was filed and by unsupported allegations. Government officials are presumed to act in good faith and "well-nigh irrefragable” proof is required to show bad faith. Knotts v. United States, 128 Ct. Cl. 489, 492, 121 F. Supp. 630, 631 (1954). Bearing in mind these long established principles, we have carefully examined plaintiffs affidavit, which is attached to his cross-motion for summary judgment, and find that it not sufficient to raise a triable issue of bad faith.
On the basis of the foregoing, we conclude that plaintiffs discharge was effected without violating his constitutional or procedural rights, and that there are no triable issues in the case.
it is therefore ordered, that defendant’s motion for summary judgment is granted; plaintiffs cross-motion for summary judgment is denied, and plaintiffs petition is dismissed.