This civilian pay claim is before the court on the motions of the respective parties for summary judgment contesting the propriety of plaintiffs dismissal from his position as a motor vehicle operator with the United States Postal Service. Plaintiff demands back pay, reinstatement, correction of his personnel records, costs and attorney fees. We have heard oral argument and considered the motions, briefs, and supporting papers, including the administrative record. Our holding is for defendant.
On January 18, 1978, plaintiff returned from his assigned night shift delivery run to Baltimore in a bad snowstorm and was maneuvering his truck into a reloading position at the Main Post Office in Washington, D. C. Mr. James Nicholson, foreman of mails on duty, heard the sound of breaking glass in the direction of plaintiffs truck and called Mr. Mark F. Smith, vehicle operations analyst, to come to the loading platform to investigate. Mr. Nicholson told Mr. Smith that a truck mirror had been broken and that, although he did not see it happen, it appeared that plaintiffs truck had hit an adjacent parked vehicle. Mr. Smith observed the broken glass inside and outside the vehicle and asked plaintiff to complete a routine accident form which plaintiff refused to do. When Smith persisted and took pictures of the damage, plaintiff allegedly became belligerent and threatened repeatedly to "kick [Mr. Smith’s] big fat * * Plaintiff then visited the dispatch office to seek permission to leave early. When Mr. Smith entered that office plaintiff is charged again with becoming abusive and repeating his threat. He also is alleged to have *565 made disparaging remarks about Mr. Smith’s age and suggested he should retire. Plaintiff denies making the threats which, however, were confirmed by the testimony of witnesses. Plaintiff also denies having had the accident.
By letter dated January 30, 1978, plaintiff was issued a letter of proposed removal on the grounds of conduct unbecoming a postal employee, threatening a postal official or fellow employee on duty, and failing to follow official instructions in violation of the Postal Service Rules of Conduct and Performance Evaluation. The letter also noted plaintiffs past suspension for unnecessaiy, threatening handling of his assigned firearm, his unsatisfactory attendance record, improper clock rings, and warnings given. On February 4, 1978, plaintiff replied to the notice in writing. On February 21, 1978, he was advised of the postmaster’s decision to remove him from service effective March 2, 1978. Plaintiff was advised in the notice of his appeal rights. Pursuant to the notice, plaintiff was suspended and put in a nonpay status.
Plaintiff filed an appeal to the Civil Service Commission, subsequently replaced by the Merit Systems Protection Board, and there was a hearing lasting 2 days. One day of the hearing had to be repeated later when the transcripts for that day were lost. Plaintiff was represented at the original hearing by a union representative and at the "repeated” hearing by legal counsel. On April 20, 1979, the board sustained the agency action in removing plaintiff from his position. The board reversed plaintiffs suspension from January 18, 1978, through March 2, 1978, because the agency had failed to follow proper procedures.
Plaintiffs motion alleges that the board’s decision was arbitrary, capricious, and inconsistent with other rulings in similar fact situations, that the penalty of dismissal was too harsh for the alleged offense and was an abuse of discretion, that the board’s decision was not supported by substantial evidence, that the actions of defendant’s agents were a contributing factor to the alleged actions upon which plaintiffs dismissal was based, and that the hearing examiner acted improperly by confining the "repeated” hearing to the lost day’s testimony instead of permitting a *566 complete reopening of the entire case when the tapes of the testimony of the one day were lost.
The scope of our review in cases of this kind is well settled. Our review is limited to determining whether there has been prejudicial procedural error and whether the action taken was according to law and regulations, was supported by substantial evidence, had a rational basis, and was in good faith. Wathen v. United States, 208 Ct. Cl. 342, 351, 527 F.2d 1191, 1197 (1975), cert. denied, 429 U.S. 821 (1976); Boyle v. United States, 207 Ct. Cl. 27, 34, 515 F.2d 1397, 1401 (1975); Grover v. United States, 200 Ct. Cl. 337, 343 (1973); Morelli v. United States, 177 Ct. Cl. 848, 858 (1966). Except in rare, egregious instances, it is not the court’s function to substitute its judgment for that of the employing agency on the issue of what administrative actions must be taken to preserve and promote the efficiency of the service. Eberlein v. United States, 257 U.S. 82 (1921); Keim v. United States, 177 U.S. 290 (1900); Wathen v. United States, supra, 208 Ct. Cl. at 352, 527 F.2d at 1197. The presumption is that government officials have acted in good faith in making their decisions. It takes almost irrefragable proof to overcome the presumption. The burden of doing so is on plaintiff. Crisan v. United States, 223 Ct.Cl. 682 (1980); Wathen v. United States, supra, 208 Ct. Cl. at 351, 527 F.2d at 1197; Morelli v. United States, supra, 177 Ct. Cl. at 858; Knotts v. United States, 128 Ct. Cl. 489, 492, 121 F.Supp. 630, 631 (1954).
Against the foregoing tests we find that the evidence to support plaintiffs discharge was substantial. We find no bias or bad faith on the part of any of the administrative officials. We do not find any legal errors in the procedures followed. The adverse action taken had a rational basis because, as the Merit Systems Protection Board stated, in finding that plaintiff did indeed use the language witnessed,
* * * there is no evidence in the record to show that appellant meant those words as a jest or the tone in which he said the words could not have implied a threat to any reasonable person. On the other hand, we have the testimony of the three witnesses who state that appellant was angry when he uttered the words "I am going to kick *567 your big fat * * *” and that they had reason to believe that he would have followed through with the action. Therefore, from the preponderance of evidence we find that appellant’s words constituted a threat to a postal official. Having sustained the specification, we find the charge "Threat to a Postal Official” to be sustained.
We turn now to plaintiffs contention that even if he did utter the threats, which he denies, the penalty applied in his case was disproportionate to the offense, inconsistent with similar cases, that there were mitigating circumstances, and that the agency action, as sustained by the board on review, was arbitrary and capricious and an abuse of discretion and should be set aside.
The case precedents in this court are legion in their holdings that it is not a proper judicial function to determine what sanctions are appropriate in adverse action cases to maintain "the efficiency of the service.” Of course, each case has to be decided on its own facts and in a very few instances the penalties have been set aside where not authorized by regulations or where the offense committed was de minimis and the penalty applied was disproportionate thereto and was deemed to be an abuse of discretion. E.g., Boyce v. United States, 211 Ct. Cl. 57, 543 F.2d 1290 (1976); Power v. United States, 209 Ct. Cl. 126, 531 F.2d 505 (1976), cert. denied, 444 U.S. 1094 (1980). But, cases such as these are rare exceptions. As the court said in Wathen v. United States, supra, 208 Ct. Cl. at 352-53, 527 F.2d at 1197-98:
In our estimation the agencies * * * are far better equipped and in a better position to make these sensitive judgments of whether and how a discharge promotes efficiency of the service. It is their prerogative, not ours, to do so. We do not think that we should lightly substitute judicial oversight for that of the executive branch in an area where practical considerations. of administration and experience should be paramount and where the executive’s prerogative and responsibility is to take expeditious action to insure the efficiency and discipline of the huge federal bureaucracy in the interest of good government. * * *
In the case at hand, the board on review did consider the possible mitigating circumstances surrounding the inci *568 dent, such as plaintiffs possible fatigue from a difficult and long drive through bad weather. It considered his written defenses and the arguments of his counsel. But, it said that it could not find this sufficient to condone his behavior in verbally abusing and threatening a postal official while on duty. The board judged the credibility of the witnesses under oath and upon cross-examination. We are in no position to do so. We must defer to their judgment. It is not unreasonable for the agency and the board to conclude that, if employees are permitted to threaten other postal employees with physical harm and get away with it, the efficiency of the service would be impaired. The administrative officials found that there was substantial credible evidence to support the specification charged, that there was a threat of physical harm and that this was a violation of applicable Postal Service regulations. It was deemed inadvisable to wait until a threatening employee actually inflicted physical harm upon another before taking disciplinary action against the offender. The agency and the board took into consideration the fact that plaintiff did come to work in bad weather when some others did not, but it also considered his prior record and the warnings given to him and penalties applied to him for other offenses. Within the wide range of discretion afforded to agency officials to run their business, and absent a clear abuse of their discretion or violation of law, it is up to them and not to the court to assess penalties for offenses which in their judgment impair the efficiency of the service. Mere unevenness in application of penalties does not render the punishment invalid. Butz v. Glover Livestock Comm’n Co., 411 U.S. 182, 187, 188 (1973); Russell v. United States, 226 Ct.Cl. 618 (1981); Jones v. United States, 223 Ct. Cl. 138, 147, 617 F.2d 233, 238 (1980). The cases relied upon by plaintiffs are distinguishable and inapposite in that they do not involve conduct arising in the course of employment. Grebosz v. CSC, 472 F.Supp. 1081 (S.D.N.Y. 1979) (conviction for sale of narcotics); Yacovone v. Bailar, 470 F.Supp. 777 (D.D.C. 1979) (conviction for shoplifting). We find that the penalty imposed here was according to law and not an abuse of discretion. We come to this conclusion with regret at its personal impact upon plaintiff. However, we are satisfied, *569 after a particularly close examination of the record, that there is no legal error here which would enable us to set the decision of the board aside. Further, we do not find any triable issue.
it is therefore ordered that defendant’s motion for summary judgment is granted. Plaintiffs cross-motion for summary is denied. The petition is dismissed.
Plaintiffs motion for rehearing and/or to alter judgment was denied October 2, 1981.