Allan S. DANOFF and Leo A. Sanchez

v.

The UNITED STATES.

No. 423–82C.

United States Claims Court.

June 29, 1983.

Allan S. Danoff, Baltimore, Md., pro se.

Catherine G. Crockett, Bethesda, Md., for plaintiff Leo A. Sanchez.

Alexander Younger, with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

MARGOLIS, Judge.

This is a civilian pay case before this Court on cross motions for summary judgment, submitted with oral argument. Plaintiffs, employees of the Equal Employment Opportunity Commission (EEOC), are seeking back pay from January 27, 1979 to May 5, 1979, correction of their records to reflect continuous service since July 30, 1978 as GS–160–13 (GS–13) Supervisory Equal Opportunity Specialists, and attorney's fees and costs. Plaintiff Danoff, an attorney, is before the Court *pro se*.

Plaintiffs contend that the "early" termination of their temporary promotions was an unjustified and unwarranted personnel action in violation of the Back Pay Act, 5 U.S.C. § 5596 (1976). Specifically, plaintiffs allege lack of a prior administrative determination that their services in the temporary GS–13 positions were no longer needed, breach of an employment contract between plaintiffs and the defendant, lack of timely written notice of the termination of the temporary promotions, and that the Acting District Director's retroactive temporary promotion of plaintiffs constituted an appointment. Defendant denies the existence of any appointment, any employ-

ment contract, and of any requirement for a prior administrative determination that their services were no longer needed. Defendant also contends that plaintiffs received adequate notice and that the full range of notice requirements was inapplicable because the termination of a temporary promotion was not an adverse action. There are no material disputed issues of fact. This Court holds for the defendant.

Effective July 30, 1978, plaintiffs were temporarily promoted from Equal Employment Opportunity Specialists, GS–12, to GS–13 Supervisory Equal Opportunity Specialists. These temporary promotions were for a maximum of one year in the EEOC Baltimore District Office. By letter dated July 19, 1978 plaintiffs were notified that the promotions were temporary and that plaintiffs would be returned to their former grade and salary when their services in the temporary positions were no longer needed. Plaintiffs signed these letters indicating their understanding of the reasons and conditions of the temporary promotions. As part of an EEOC reorganization, plaintiffs were notified in writing on November 21, 1978 that their temporary positions were being abolished and that plaintiffs were being reassigned to their former grade and salary, effective January 28, 1979. Both plaintiffs accepted the reassignment.

Without specific written notice to them, plaintiffs temporary promotions were officially terminated effective January 27, 1979.[1] Plaintiffs received pay checks reflecting the pay reduction due to this termination on February 21, 1979. On March 19, 1979 plaintiffs and the Baltimore District Office received verbal notice that the temporary promotions had been terminated. On March 27, 1979 the Acting District Director initiated a Request for Personnel Action (SF 52) to again temporarily promote plaintiffs to the GS–13 supervisory positions, retroactive to January 29, 1979. This request was sent to the EEOC headquarters Office of Field Services, which disapproved the request. On May 6, 1979 plaintiffs

were permanently promoted to the GS–13 supervisory positions.

Plaintiffs filed a grievance on March 23, 1979 requesting that their temporary promotions not be terminated, that they continue in these positions until permanent promotions could be made, and back pay. The Deputy Executive Director found on May 25, 1979 that the grievance was without merit because the temporary promotions for the period at issue were never approved by an official with proper authority to do so. Plaintiffs appealed this denial. The grievance examiner recommended that plaintiffs be granted the relief sought, concluding that plaintiffs had been detailed to the higher graded positions for a period in excess of 120 days in violation of Federal Personnel Manual requirements. The grievance examiner further reasoned that plaintiffs were entitled to relief because the temporary promotions were terminated without proper notice, and the plaintiffs had continued to perform GS–13 supervisory duties during the period in dispute. Upon review, the Comptroller General of the United States (Comptroller General) on August 19, 1981 rejected the grievance examiner's recommendation, reasoning that temporary promotions were terminable at any time at the agency's discretion, that the November 21, 1978 reassignment letter and the reduced pay checks should have put plaintiffs on notice of the termination of the temporary positions, and that the detail to a higher grade did not exceed 120 days, such as to warrant back pay. Upon reconsideration, the Comptroller General's decision was affirmed on February 24, 1982. The EEOC Chair denied plaintiffs' grievance and requested remedy on July 1, 1982. Thereafter, on August 25, 1982 plaintiffs brought the instant action.

 The termination of plaintiffs' temporary promotions was not an unjustified or unwarranted personnel action. First and foremost, plaintiffs were never properly appointed to the temporary GS–13 supervisory positions during the disputed period. The

---

1. The Standard Forms 50 (SF 50) terminating plaintiffs' temporary promotions were dated February 7, 1979 for plaintiff Sanchez and February 8, 1979 for plaintiff Danoff.

EEOC Office of Field Services denied the Acting District Director's request for the retroactive temporary promotions. The Acting District Director did not have the delegated authority to make *retroactive* temporary promotions. On its face, EEOC Order No. 131, which delineates the delegated authority of the District Director, confers no authority to make retroactive personnel actions. The Comptroller General was unequivocal on this point when he stated that "the District Director did not have authority to make a retroactive temporary appointment." Comptroller General Decision No. B–198142.2 at 5 (February 24, 1982). Thus the Acting District Director's attempt to appoint the plaintiffs was invalid, and the request for appointment was never approved by the office with the proper authority. Federal employees serve by appointment, and such appointments must be approved by one with the proper authority to do so. *United States v. Testan,* 424 U.S. 392, 406, 96 S.Ct. 948, 957, 47 L.Ed.2d 114 (1976); *Goutos v. United States,* 212 Ct.Cl. 95, 98, 552 F.2d 922, 924 (1976). Furthermore, a "federal employee is entitled to receive only the salary of the position to which he was appointed, even though he may have performed the duties of another position or claims that he should have been placed in a higher grade." *Id.; Peters v. United States,* 208 Ct.Cl. 373, 377, 534 F.2d 232, 234 (1975). Plaintiffs cannot recover back pay on the basis of positions to which they were never appointed.

■ An administrative determination prior to terminating the temporary promotions was not required. Plaintiffs' reliance on 5 C.F.R. § 335.102(f)(1) (1978) is misplaced. There is no requirement in that provision for such an administrative proceeding. Rather, that regulation simply articulates an agency's discretion in terminating temporary promotions.[2] Plaintiffs had no vested right to continue to hold the temporary positions for any fixed term. There is no "constitutional, inherent or vested right to ... promotions...." *Crowley v. United States,* 208 Ct.Cl. 415, 430, 527 F.2d 1176, 1184 (1975). Furthermore, "[i]t is well-settled that service by a government employee in an acting capacity does not entitle him to permanently occupy that position nor to receive the salary incident thereto, as his rights and salary are based solely on the position to which he had been officially appointed." *Bielec v. United States,* 197 Ct.Cl. 550, 560, 456 F.2d 690, 696 (1972).

■ As to plaintiffs' claimed employment contract with the defendant, it is well established that the federal employment relationship is statutory, not contractual. *Kizas v. Webster,* 707 F.2d 524 at 535 (D.C.Cir. 1983); *Kania v. United States,* 227 Ct.Cl. 458, 464–65, 650 F.2d 264, 268 (1981), *cert. denied,* 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981); *Shaw v. United States,* 226 Ct.Cl. 240, 250–51, 640 F.2d 1254, 1260 (1981).

■ Although plaintiffs were not provided with the SF 50 notifications of personnel action, plaintiffs had adequate notice of the termination of their temporary promotions. Because the termination of a temporary promotion was not an adverse action, the full panoply of notice requirements did not come into play. 5 C.F.R. § 752.103(b)(5) (1978); *Crowley v. United States,* 208 Ct.Cl. at 436–37, 527 F.2d at 1188. The letters of July 19, 1978, which were signed by plaintiffs, notified them that the positions were temporary and terminable at the agency's discretion. These letters also stated that plaintiffs would be returned to their former grade and salary upon termination of the temporary promotions. Later, plaintiffs were notified in writing that the temporary positions were abolished and that plaintiffs were offered reassignment to their former grade with no change in that salary. The reduction in pay due to the reassignment was reflected in

---

2. Section 335.102(f)(1) provides in pertinent part that "[a]t the end of the period for which the agency temporarily promoted the employee, or when the agency determines that it no longer needs the employee in the position, the agency shall return the employee to the position from which it temporarily promoted him...."

the plaintiffs' pay checks of February 21, 1979. Plaintiffs admittedly received verbal notice of the termination on March 19, 1979. Thus, plaintiffs were placed on actual notice of the termination of the temporary positions.

In sum, plaintiffs had neither an appointment nor an employment contract during the relevant period. The termination of the temporary positions was well within the agency's discretion, and plaintiffs had adequate notice of this termination. Therefore, it is

ORDERED, that plaintiffs' Motion for Summary Judgment is denied, and defendant's Cross Motion for Summary Judgment is granted. The Complaint is to be dismissed by the Clerk.