Martin W. CICCO

v.

The UNITED STATES.

No. 61–84C.

United States Claims Court.

Jan. 30, 1985.

312

S. Robert Brooks, III, Mobile, Ala., for plaintiff.

Thomas J. Rappaport and Jane W. Vanneman, Washington, D.C., with whom was Acting Asst. Atty. Gen., Richard K. Willard, Washington, D.C., for defendant.

## OPINION

MARGOLIS, Judge.

This is a civilian pay case.

The plaintiff, Martin W. Cicco, once served as Assistant General Manager of Non-Appropriated Fund Activities [NAFA] at the U.S. Coast Guard Aviation Training Center in Mobile, Alabama. There he helped to manage seven retail stores, two military service clubs, an off-site recreational complex, and exchange concessions. One of his duties was to counsel and to recommend discipline of NAFA employees who violated Coast Guard rules. *See* Position Description, NAFA Assistant General Manager, Agency Position No. 76–65100–0100.

On February 12, 1981 the plaintiff ordered an employee to make a sign for him. The plaintiff's supervisor, William Wissman, rescinded the order and advised the plaintiff never to use NAFA employees for personal purposes. A few weeks later Wissman wondered how he could deliver a bed he had bought. When the plaintiff suggested borrowing a NAFA truck and using a NAFA janitor, Wissman wrote him a letter warning him, "[a]s Assistant Chief NAFA your actions and performance are continually observed by employees as well as patrons.... [I]nfractions of rules, real or imagined, lead to a decay in morale and discipline in the work force." Letter of Chief, NAFA Branch to Martin W. Cicco (March 16, 1981). The letter became part of the plaintiff's personnel file.

On May 27, 1982, Wissman sent the plaintiff a Notice of Proposed Removal, alleging that the plaintiff had abused his position for personal gain. The plaintiff admitted one of the charges—that he bought sausage directly from a supplier

without paying a mark-up to the NAFA Grocery Annex.

The plaintiff appealed the dismissal to the Chief of NAFA's Comptroller Division, P.M. Rodriguez. The appeal was denied. The plaintiff then appealed to the Unit Commanding Officer, Captain Krietemeyer, who appointed a committee to review the grievance. After interviewing Wissman, Rodriguez, and the plaintiff, examining accounts, and considering Coast Guard regulations, the committee found the dismissal justified. Captain Krietemeyer denied the appeal on June 9, 1982.

The plaintiff then appealed to the Commandant of the Coast Guard in Washington, D.C., who referred the matter to an administrative law judge. The judge, however, refused to take jurisdiction because the plaintiff had exhausted the remedies provided by the NAFA Manual. The Commandant's Office informed the plaintiff that the Unit Commander's decision was final.

The plaintiff filed a complaint here on February 10, 1984. The defendant has moved for summary judgment. After considering the entire record and hearing oral argument, the Court grants the defendant's motion.

## DISCUSSION

The plaintiff alleges that the Government: 1) owes him double overtime for his work after business hours and on holidays (Count I); 2) denied him the appeal rights granted by his contract and by NAFA regulations (Count II); and 3) dismissed him without reason and in bad faith (Counts III–VII). He demands damages plus reinstatement, correction of his records, credit for lost time, and attorney's fees.

### A. *Overtime*

█ The plaintiff was an executive, permanent, full-time employee whose contract required him to work "40 hours a week *or more.*" Non-Appropriated Fund Activities Employment Contract No. ATC 03–78 at 1 (August 15, 1977) [Contract] (emphasis add-

ed). He cannot claim overtime for having worked more than 40 hours a week.

The contract also provides: "If normally scheduled to work on a day a National holiday falls, the employee shall ... [i]f required to work, be paid at two times regular pay." *Id.* at 3. The defendant has submitted the affidavits of NAFA personnel who knew or could discover when the plaintiff was required to work. They deny that he was ever required to work on a national holiday. *See* Affidavits of James D. Burk (June 28, 1984), William H. Wissman (July 3, 1984), and Beverly Andrews (July 13, 1984). The plaintiff has listed days for which he claims extra pay, but none is a national holiday. *See* Affidavit of Martin W. Cicco (October 5, 1984).

The plaintiff cannot oppose the defendant's motion by resting on the assertions in his complaint. He must either allege facts that raise a genuine issue for trial or suffer summary judgment. RUSCC 56(e). The plaintiff has responded to the defendant's affidavits by demanding to depose the affiants. But this Court will not deny summary judgment "merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint." *Pure Gold, Inc. v. Syntex (U.S.A.), Inc.,* 739 F.2d 624, 627 (Fed.Cir.1984). The defendant is entitled to summary judgment on Count I.

### B. *Appeals*

The plaintiff charges that the Government breached the employment contract because it: 1) denied him an appeal to the Commandant; 2) denied him an impartial *de novo* hearing; and 3) denied him a three-level appeal process.

#### 1. Appeal to the Commandant

█ The Coast Guard Commandant's Instructions govern employee grievance appeals. According to the instructions in effect when the plaintiff was dismissed, the unit commander must "make a decision and furnish it promptly to the employee in writing. The decision of the commanding officer shall be final." COMDINST M7010.5

CH–5, Encl. 53 at 8–11 (March 4, 1981) [COMDINST]. Similar instructions were in effect when the plaintiff joined NAFA. *See* Manual for Non-Appropriated Fund Activities (CG–146) at D–3–3 (May 1, 1973). *See also id.* at D–1–12 ("The activity head must be the final authority in all matters of termination."). Captain Krietemeyer, the Unit Commander, denied the plaintiff's appeal by letter on June 9, 1982. The Commandant's Office considered this action to be the end of the matter.

The plaintiff's contract, however, provides: "If the decision of the Commanding Officer is not satisfactory, the employee may submit … an appeal to the Commandant (G–PC) for a final decision." Contract at 3.

■ The contract and the instructions conflict. The Commandant followed the instructions; the plaintiff urges the Court to follow the contract. But the agent who hired the plaintiff had no authority to grant an appeal that the Coast Guard had already forbidden. Personnel officers cannot waive their agency's employment regulations. *Adcock v. United States*, 203 Ct.Cl. 257, 263 (1973). The plaintiff had no right to appeal to the Commandant.

### 2. *De Novo* Hearing

■ The Coast Guard never granted the plaintiff an impartial hearing, perhaps because the NAFA instructions require none. The plaintiff, however, insists upon the rights listed in his contract, which provides: "The employee … is entitled to an impartial hearing, *if requested,* during the appeal proceedings." Contract at 3 (emphasis added). But the NAFA instructions, not the contract, governed the plaintiff's appeal. Furthermore, the plaintiff does not allege that he requested an impartial hearing. Even if the contract's grievance procedure bound the parties, the plaintiff could not complain that the Coast Guard never gave him what he never requested.

### 3. Three-Level Appeal Process

■ Under the NAFA procedures, employees can present their grievances: 1) to their supervisor for informal resolution; 2) to an officer of NAFA if the supervisor's decision is not acceptable; and 3) to the unit commanding officer if the NAFA officer's decision is not acceptable. The unit commanding officer's decision is final. COMDINST at 8–10, 8–11.

The plaintiff did not appeal to his supervisor; he appealed directly to a NAFA officer. He then wrote the Unit Commander a letter captioned "Notice of Decision to Effect Removal—2d Step Grievance." Letter of Martin W. Cicco to Capt. G.E. Krietemeyer at 1 (June 3, 1982). In his letter to the Commandant he stated, "I am entitled to a minimum of 3 appeals. This is my 3rd appeal." Letter of Martin W. Cicco to RAdm. John B. Hayes at 1 (June 15, 1982).

The plaintiff seems to believe that he had a right to appeal three times, not simply a right to appeal to the three persons specified by the NAFA Manual. He is mistaken. He cannot trade an unwanted appeal to his supervisor for an appeal to the Commandant.

The defendant is entitled to summary judgment on Count II.

### C. *Dismissal in Bad Faith*

■ This Court will not reverse an agency's decision to dismiss a civilian employee unless the employee shows prejudicial procedural error, a violation of law or regulations, lack of substantial evidence or a rational basis, or bad faith. *E.g., Gaskins v. United States*, 227 Ct.Cl. 563, 566, *reported without opinion* 652 F.2d 70 (1981) (citations omitted). In this case the Coast Guard followed all applicable procedures and violated no regulations. Its decision rests upon substantial evidence—in fact, it rests partly upon the plaintiff's admissions. The Court must presume that the Coast Guard acted in good faith until the plaintiff presents "well-nigh irrefragable" proof of bad faith. The allegations in the complaint raise no triable issue of bad faith. *See, e.g., Crisan v. United States*, 223 Ct.Cl. 682, 684, 650 F.2d 286 (1980).

The defendant is entitled to summary judgment on Counts III–VII.

## CONCLUSION

For the reasons given, the Court grants the defendant's motion for summary judgment. The Clerk will dismiss the complaint.