66 F.3d 346
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carol OLSON, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5035.
 United States Court of Appeals, Federal Circuit.
 Sept. 11, 1995.
 
 Before ARCHER, Chief Judge, NIES, and LOURIE, Circuit Judges.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Carol Olson appeals from the final judgment of the United States Court of Federal Claims dismissing her complaint for lack of subject matter jurisdiction. Because Olson was appointed and did not have an employment contract with the government, we affirm.
 
 DISCUSSION
 
 2
 Olson was employed as a librarian for the Army in San Francisco, California. In July 1990, she applied for a position as the head librarian for a naval base in Naples, Italy. V. Kay Holt, the recreation and services director at the naval base, was in charge of hiring for the position and conducted a telephone interview with Olson, during which they discussed various aspects of the position such as salary and the number of people that she would supervise. Holt selected Olson for the position, and, upon accepting the job, Olson executed rotation and transportation agreements. These forms are used by the government to establish conditions for overseas employment of federal employees such as reimbursement for travel and moving expenses, and to notify employees of their obligation to return to the United States after completing a period of service.
 
 
 3
 Problems began shortly after Olson arrived in Italy. The library was short on staff, and she was not allowed to hire additional staff due to a hiring freeze. Also, one staff member refused to take directions from Olson. After about two months in her new position, the Navy determined that Olson was not adjusting to the Naples area and transferred her back to her previous position.
 
 
 4
 Olson filed suit in the Court of Federal Claims. Her complaint included claims for breach of an actual or, alternatively, implied-in-fact employment contract and negligent misrepresentation. She alleged that subject matter jurisdiction was based on the Tucker Act, 28 U.S.C. Sec. 1491(a)(1). The Court of Federal Claims dismissed her complaint for lack of jurisdiction. The court found that Olson was appointed and did not have an employment contract with the Navy; therefore, the court lacked jurisdiction under the Tucker Act. See Darden v. United States, 18 Cl.Ct. 855, 858-59 (1989) (the Tucker Act does not confer jurisdiction over breach of contract claims by appointed employees). As an alternative basis for its decision, the court found that Holt did not have actual authority to enter an employment contract with Olson on behalf of the Navy. Even assuming that Olson had a contract, the court determined that such a contract would not have included terms establishing the required library staffing as alleged by Olson. Olson now appeals to this court.
 
 
 5
 We review de novo dismissals by the Court of Federal Claims for lack of subject matter jurisdiction. Transamerica Ins. Corp. v. United States, 973 F.2d 1572, 1576 (Fed.Cir.1992). Olson argues that an employment contract was created by the rotation and transportation agreements and by the bargained-for exchange that occurred during her telephone interview with Holt. With respect to her claim for negligent misrepresentation, Olson argues that the Navy failed to provide the staffing as allegedly promised by Holt. The government argues that Olson was appointed and, alternatively, that Holt did not have actual authority to enter an employment contract with Olson. In addition, the government argues that Olson's alleged contract could not have included the terms at issue in her claim for negligent misrepresentation.
 
 
 6
 We agree with the government that Olson was appointed to her position. Federal employees are presumed to have been hired by appointment. See Chu v. United States, 773 F.2d 1226, 1229 (Fed.Cir.1985); Darden, 18 Cl.Ct. at 859. Nothing in the record rebuts that presumption. First, the Navy hired Olson on the general schedule using appropriated funds. Accordingly, her position was a standard civil service-type job. Such employees are appointed to their positions, as explained by the testimony of Mr. Neerman, who worked in the Navy Office of Personnel Management and was responsible for staffing, compensation, and classification.
 
 
 7
 Furthermore, the rotation and transportation agreements did not create an employment contract. These are standard agreements used by the government for overseas employment of federal employees. The transportation agreement only established conditions for overseas travel and transportation expenses. Denning v. United States, 132 F.Supp. 206, 207 (Ct.Cl.1955). While the agreement included a 36-month term for the duration of Olson's position, it also stated that this period of service "is for the sole purpose of establishing [Olson's] eligibility for travel and transportation at Government expense." Likewise, the rotation agreement served a notice function by explaining restrictions upon overseas employment with the federal government; it did not give rise to contractual rights. See Soper v. United States, 677 F.2d 869, 872 (Cl.Ct.1982) (rotation agreements only fulfill a notice function and do not determine employment).
 
 
 8
 Finally, the alleged bargained-for exchange between Olson and Holt did not create an oral or implied-in-fact employment contract. The Court of Federal Claims found that this was an informal discussion of various aspects of the position as typically occurs during an interview. Olson has not shown any error in this finding.
 
 
 9
 Accordingly, the Court of Federal Claims did not have jurisdiction because Olson did not have a contract with the government. Since we agree with the Court of Federal Claims that it lacked jurisdiction, we need not decide the issue of Holt's authority as an alternative basis for the court's decision. If there was no contract between the parties, authority to contract is irrelevant. Also, since the existence of a contract is an essential element in a claim for negligent misrepresentation, we need not decide that issue as well.