**Kimper LEE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 94–594 C.

United States Court of Federal Claims.

May 7, 1998.

Kimper Lee, El Cerrito, CA, pro se.

Todd M. Hughes, with whom were James M. Kinsella, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, and Frank W. Hunger, Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant. David A. Townsend, Assistant Counsel, Military Sealift Command, Washington, D.C., of counsel.

## OPINION

SMITH, Chief Judge.

This case is before the court on plaintiff's motion for summary judgment and on defen-

dant's motion to dismiss. Plaintiff, Kimper Lee, was terminated from his employment as a United States Navy (hereinafter Navy) civilian employee in 1978. Plaintiff alleges that he was suffering from a job-related injury at the time of his termination and that his termination was in violation of federal law and also breached an employment contract he had with the Navy. Plaintiff seeks unspecified money damages as a result of the alleged unlawful conduct and the breach of the employment contract.

Plaintiff filed the instant motion for summary judgment, and defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(4). Oral argument is deemed unnecessary. For the reasons articulated below, defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction is granted. Plaintiff's motion for summary judgment is denied as moot.

## FACTS

The facts, unless otherwise noted, are taken from plaintiff's complaint and are presumed true for purposes of reviewing defendant's motion to dismiss. Plaintiff Kimper Lee was employed as a merchant seaman by the United States Navy beginning in 1973. On or about June 1, 1978, plaintiff was assigned to the USNS Hess as a wiper. Plaintiff alleges that he suffered a hernia as a result of performing his duties while on the ship, and that, notwithstanding the fact that the injury impaired his ability to perform his duties, the Navy terminated his employment on or about September 6, 1978. Plaintiff contends that the Navy's discharge of plaintiff violates 5 U.S.C. § 8105, and that the Navy has improperly failed to reinstate him, provide medical coverage for his work-related injury, and provide back pay. In addition, plaintiff contends that he had entered into an employment agreement with the Navy, "the terms of which were oral, written and implied by conduct." Plaintiff contends that

1. The procedural record is taken from the district court record and from the

the contract provided that plaintiff was to work for the Navy in exchange for compensation.

On November 18, 1982, plaintiff filed suit in the United States District Court for the Northern District of California alleging wrongful termination by the Navy on the grounds of racial discrimination.[1] On September 7, 1984, plaintiff filed an amended complaint alleging that he was unlawfully discharged due to injury or disability and that his discharge breached his employment contract with the Navy. On June 28, 1995, the district court concluded that it lacked jurisdiction and ordered the case transferred to this court. Notwithstanding the transfer order, however, the district court apparently did not transmit the case files and transfer order to this court for more than nine years, until September 6, 1994. Mr. Lee then timely filed an amended complaint in this court on October 24, 1994.

On January 30, 1995, the United States originally filed a motion to dismiss for lack of subject matter jurisdiction on the grounds that plaintiff's complaint was barred by the six-year statute of limitations. After the motion had been briefed, the court granted plaintiff leave to file a response to defendant's reply in support of its motion to dismiss. Plaintiff then subsequently filed a motion for summary judgment on the grounds that defendant had failed to respond to plaintiff's last brief. Defendant then moved to withdraw its original motion to dismiss and to establish a briefing schedule for resolving plaintiff's summary judgment motion and a new dispositive motion defendant wished to file. The court granted defendant's motion, and defendant then filed the instant motion to dismiss which is currently before the court along with plaintiff's motion for summary judgment.

## DISCUSSION

1. DEFENDANT'S MOTION TO DISMISS

The Tucker Act specifically grants the Court of Federal Claims jurisdiction over

court's own docket.

claims "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States...." 28 U.S.C. § 1491 (1994). The Tucker Act does not, however, grant a substantive right of recovery against the United States for money damages. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Rather, it merely waives sovereign immunity and grants this court jurisdiction if a substantive right exists elsewhere, such as through a contract or by money-mandating statutory provision. *Id.; United States v. Connolly*, 716 F.2d 882, 885 (Fed.Cir.1983). In this instance, plaintiff's two counts allege a substantive right emanating from statute and contract.

■ Plaintiff's First Cause of Action alleges that the Navy's discharge of plaintiff violates 5 U.S.C. § 8105. Since this provision of the United States Code does not exist, and because plaintiff's claim relates to a disabling injury allegedly suffered while performing his employment duties, the court assumes that plaintiff was referring to 5 U.S.C. § 8105, which governs compensation for total disability for United States civilian government employees. While Section 8105 does provide that the United States shall pay compensation if a worker suffers total disability, the statutory scheme provides that such claims shall be filed with the Secretary of Labor and that the power to review such claims remains within the exclusive jurisdiction of the Secretary of Labor or his designee. *See* 5 U.S.C. § 8121 (setting forth the requirements for filing a claim under the subchapter); 5 U.S.C. § 8124; and 5 U.S.C. § 8128 (stating that a review of an award under the subchapter resides exclusively within the power of the Secretary of Labor and that such award is "final and conclusive for all purposes and with respect to all questions of law and fact" and is "not subject to review by another official of the United States or by a court by mandamus or otherwise.").

It is therefore clear that the court is without jurisdiction to hear plaintiff's first count based on 5 U.S.C. § 8105. The statute unequivocally vests exclusive jurisdiction within the office of the Secretary of Labor to receive, award, and subsequently review such claims based on the statutory provision that plaintiff relies upon. Indeed, the statute explicitly prohibits this court and other courts from reviewing such claims. Thus, while Section 8105 might be considered "money-mandating" in a colloquial sense because it does provide that money be paid in the event of total disability, this court has not been given jurisdiction to hear such claims. Because plaintiff neither cites nor relies on any other money-mandating statute which gives this court jurisdiction to hear plaintiff's claim, plaintiff's first claim must be dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).[2]

Plaintiff's Second Cause of Action alleges that plaintiff and the Navy entered into an employment agreement "the terms of which were oral, written, and implied by conduct." Plaintiff then alleges that the Navy breached the employment contract by "involuntarily and wrongfully terminating Plaintiff's employment without good, just and legitimate cause or reason."

■ It is well-established that the federal employment relationship is generally governed by statute rather than contract. *Schuhl v. United States*, 3 Cl.Ct. 207, 212 (1983); *Danoff v. United States*, 2 Cl.Ct. 729, 732 (1983); *Connolly v. United States*, 554 F.Supp. 1250, 1 Cl.Ct. 312 (1982), *aff'd in part and reversed in part*, 716 F.2d 882 (Fed.Cir.1983); *Kania v. United States*, 227 Ct.Cl. 458, 464–65, 650 F.2d 264 (1981). Although this presumption does not foreclose the possibility that an employee has a contractual relationship with the government, it follows logically that such an agreement must be specifically spelled out as a contract and the claimant must show that the contract was made by a government official with authority to contract. *Berry v. United States*, 27 Fed. Cl. 96, 100 (1992). Moreover, the position

2. The court will send a copy of this opinion to the Secretary of Labor for that office's consideration.

from which plaintiff was removed was an indefinite term excepted appointment.[3] Because plaintiff was employed in an excepted position, he could be discharged at will, with or without cause. *Chollar v. United States,* 130 Ct.Cl. 338, 126 F.Supp. 448 (1954).

■ Plaintiff offers no evidence to overcome the presumption that his employment relationship is governed by statute rather than contract. Plaintiff only relies on the vague statements contained in his complaint that the contract was "oral, written, and implied by conduct." Whether an alleged contract is express or implied-in-fact, the same elements are required: mutuality of intent to contract; consideration; lack of ambiguity in offer and acceptance; and actual authority of the government agent whose conduct is relied upon to bind the government. *City of El Centro v. United States,* 922 F.2d 816, 820 (Fed.Cir.1990). Plaintiff offers no support in its complaint, or in its response to defendant's jurisdictional challenge, that there were any oral or written statements, or actions by either party, that would meet any element required to form a valid contract with the government.

■ Given the general presumption that federal employment relationships are governed by contract, the uncontested fact that plaintiff was employed in an excepted position, and the failure of plaintiff to document any of the requirements necessary for there to be a valid contract with the government, beyond the conclusory statement that there was a contract, the court is compelled to conclude that plaintiff's employment relationship, like that of almost all government employees was by appointment rather than contract. Hence plaintiff's breach of contract claim cannot be maintained, and plaintiff's second cause of action must be dismissed for

lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

■ Because plaintiff's complaint is to be dismissed because of a lack of subject matter jurisdiction, plaintiff's motion for summary judgment is moot. However, the court addresses this matter briefly to explain that plaintiff's grounds for filing the motion for summary judgment are flawed. Plaintiff's Motion for Summary Judgment was filed on October 23, 1995, and the sole grounds for plaintiff's motion were that defendant failed to respond to the document entitled "Plaintiff's Reply to Defendant's Response to Defendant's Motion to Dismiss." Plaintiff thus in effect requests that the court grant a default judgment based on defendant's alleged failure to respond. Since, as defendant points out, plaintiff's filing was in effect a sur-reply and is a filing not normally permitted in the court, no response to such a sur-reply is necessary absent a specific order of the court, which was not the case here. Defendant's failure to respond violated neither the Rules of the court nor a specific order of the court, and hence imposition of what amounts to a default judgment against defendant would be manifestly inappropriate.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted. Plaintiff's First and Second Causes of Action are dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Plaintiff's motion for summary judgment is denied as moot. In addition, the Clerk of the Court is directed to forward a copy of this opinion to

**3.** For this information, the court relies upon portions of plaintiff's employment records which were attached to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Defendant's Motion to Dismiss. The authenticity of these documents has not been challenged by plaintiff, and the court views these as uncontested jurisdictional facts which the court needs to review to determine if jurisdiction exists. Further, where a challenge to jurisdiction pursuant to RCFC 12(b)(1) exists, a plaintiff bears the

burden of proving the soundness of its allegation of jurisdiction through a preponderance of the evidence. *See, e.g. American Pacific Roofing Co. v. United States,* 21 Cl.Ct. 265, 267 (1990). Consistent with this, the presumption that employment with the government is by statute rather than contract "is in accordance with the requirement that a plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Berry,* 27 Fed.Cl. at 100, *citing Darden v. United States,* 18 Cl.Ct. 855, 859 (1989).

the Secretary of Labor for that office's consideration.

**IT IS SO ORDERED.**